IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00584-BNB

CHRISTOPHER CLOUD,

    Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
                CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Christopher Cloud, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Cloud initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Delta County, Colorado, district court case number 95-CR-59. Mr. Cloud has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on April 22, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to exhaust his federal constitutional claims,

which now are procedurally defaulted. On June 24, 2008, Mr. Cloud filed a Reply to the Pre-Answer Response.

The Court must construe liberally the habeas corpus application and the Reply filed by Mr. Cloud because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On October 31, 1995, Mr. Cloud pleaded guilty to first-degree burglary in exchange for the dismissal of other charges against him. The parties agreed to a sentence cap of fourteen years in the DOC, suspended on the condition that Mr. Cloud successfully complete four years in the Youth Offender System (YOS). On December 18, 1995, complying with the plea agreement, the trial court sentenced him to fourteen years in the DOC and suspended the sentence on the condition that he complete four years in the YOS. He did not appeal directly from his conviction or sentence.

On April 16, 1996, Mr. Cloud filed a motion for reconsideration of sentence, which the trial court denied on December 5, 1996. On June 11, 1999, the trial court revoked the suspended sentence and sentenced Mr. Cloud to the previously imposed fourteen years in the DOC plus a mandatory five-year term of parole. Mr. Cloud did not appeal directly from the sentence. However, on September 28, 1999, he filed another motion for reconsideration, which the trial court denied on January 4, 2000.

On August 21, 2002, Mr. Cloud filed a postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure, arguing that his sentence was illegal, his counsel's assistance was ineffective, and his plea was involuntary. The trial court summarily denied Mr. Cloud's motion without a hearing on the same day, finding that Mr. Cloud's sentence was not illegal, that the other claims were time-barred, and that Mr. Cloud had not alleged any facts to establish justifiable excuse or excusable neglect for the late filing of his motion. On September 25, 2002, he filed a supplemental motion, which the trial court denied on September 27, 2002, for the reasons stated in the August 21 order.

Mr. Cloud appealed the trial court's decision to the Colorado Court of Appeals, which on January 15, 2004, affirmed. *See People v. Cloud*, 02CA2021 (Colo. Ct. App. Jan. 15, 2004) (not published). Although Mr. Cloud did not petition for certiorari review from the Colorado Court of Appeal's January 15, 2004, affirmance, he had forty-four days after the state appeals court affirmed his conviction to do so. *See* Colo. R. App. P. 40(a) and 52(b)(3). Subsequently, Mr. Cloud filed several additional postconviction motions in the trial court, all of which were denied. He only appealed from the denial of the Colo. R. Crim. P. 35(a) motion he filed on August 8, 2007, and which the trial court denied on August 13, 2007. He contends that he filed a Colo. R. App. R. 21 action seeking review of the denial of his Colo. R. Crim. P. 35(a) motion in the state supreme court, which on January 3, 2008, denied certiorari review.

On March 12, 2008, Mr. Cloud submitted the instant habeas corpus application, which the Court filed on March 21, 2008. As noted above, Respondents contend that

3

this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although on June 11, 1999, the trial court revoked Mr. Cloud's suspended sentence and sentenced him to the previously imposed fourteen years in the DOC plus a

mandatory five-year term of parole, Mr. Cloud is not challenging the revocation proceedings. He is challenging the imposition of the suspended sentence. Therefore, for purposes of challenging his guilty plea proceedings, December 18, 1995, the date of Mr. Cloud's initial sentence, which was suspended on the condition that he complete four years in the YOS, is considered the date of conviction, not June 11, 1999, when his suspended sentence was revoked and he was sentenced to fourteen years in the DOC.

Because he did not file a direct appeal, Mr. Cloud's conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Cloud had forty-five days to file a notice of appeal after he was sentenced on December 18, 1995. As a result, the Court finds that Mr. Cloud's conviction became final on February 1, 1996, which is prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law.

Therefore, in the absence of any reason to toll the limitations period, Mr. Cloud should have initiated this action prior to April 24, 1997, one year after the statute's effective date. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). The instant action was submitted to the Court on March 12, 2008, well beyond the one-year limitation period.

Mr. Cloud does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Therefore, the Court finds that the one-year limitation period began to run on April 24, 2006.

Respondents concede that the one-year limitation period was tolled while the motion for reconsideration of sentence that Mr. Cloud filed on April 16, 1996, and which the trial court denied on December 5, 1996, was pending in state court, and the Court agrees. Therefore, the period from April 24, 1996, to December 5, 1996, when the motion for reconsideration of sentence was pending in state court, plus the period from December 6, 1996 to January 20, 1997, the forty-five days during which Mr. Cloud could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), does not count against the one-year limitation period. Likewise, the period from September 28, 1999, when Mr. Cloud filed another motion for reconsideration, until January 4, 2000, when the trial court denied the motion, plus the period from January 5, 2000, to February 18, 2000, the forty-five days during which Mr. Cloud could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. App. R. 4(b), also does not count against the one-year limitation period. Finally, the period from August 21, 2002, when Mr. Cloud filed the Colo. R. Crim. P. 35(a) and (c) motion, until January 15, 2004, during which the trial court summarily denied the motion and the supplemental motion and the state appeals court affirmed, plus the forty-four days during which Mr. Cloud could have sought certiorari review under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 40(a) and 52(b)(3), also does not count against the one-year limitation period. The Court need not consider the various additional postconviction motions Mr. Cloud filed because, as discussed below, the habeas corpus application is time-barred.

The 979 days after January 20, 1997, when the time expired for appealing from the denial of the motion for reconsideration of sentence that Mr. Cloud filed on April 16, 1996, and before he filed another motion for reconsideration on September 28, 1999, count against the one-year limitation period. In addition, the gap of 913 days from February 18, 2000, when the time expired for appealing from the denial of the motion for reconsideration of sentence that Mr. Cloud filed on September 28, 1999, and before August 21, 2002, when he filed the Colo. R. Crim. P. 35(a) and (c) motion, counts against the one-year limitation period. On the basis of these time computations alone, 1,892 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Cloud bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Cloud fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Cloud fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' argument that Mr. Cloud failed to exhaust his federal constitutional claims and they are procedurally defaulted need not be addressed. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00584-BNB

Christopher Cloud
Prisoner No. 88413
Limon Correctional Facility
49030 State Hwy. 71 - Unit 5A
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk